IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMPUTER DESIGN & INTEGRATION,
LLC,

                    Plaintiff,

          v.

PROTEGO TRUST COMPANY a/k/a
PROTEGO TRUST BANK,

                  Defendant.

Civil Action No. 23-cv-1333-GBW

## MEMORANDUM ORDER

Plaintiff Computer Design & Integration, LLC ("CDI") filed a Complaint (D.I. 1) against Defendant Protego Trust Company a/k/a Protego Trust Bank ("Protego") seeking damages for breach of contract. D.I. 1 at 3. CDI served the Complaint upon Protego on November 27, 2023. D.I. 5. On January 11, 2024, CDI filed its Request for Entry of Default with the Court. D.I. 6. The Clerk of Court entered default on February 6, 2024. D.I. 7. Pending now is CDI's Motion for Default Judgment (the "Motion," D.I. 8). For the reasons below, the Court grants the Motion.

## I.     BACKGROUND

When the Court considers whether to enter a default judgment after an entry of default, it must take "'the factual allegations of the complaint, except those relating to the amount of damages, . . . as true.'" *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citations omitted). CDI entered into a Master Services Agreement (MSA) with Protego on or about July 28, 2022. D.I. 1 ¶ 7. The MSA contains a Statement of Services pursuant to which Protego engaged CDI to provide services and software in exchange for agreed upon fees. *Id.* at ¶ 9, *see* D.I. 2, Ex. A (MSA) §§ I-III. CDI tendered invoices to Protego for software and services rendered pursuant to the MSA. D.I. 1 ¶ 13. Those invoices were due and payable within

thirty (30) days. MSA § II(e). Protego has not paid those invoices, which total $314,882.27 pre-interest. D.I. 1 ¶ 12. The MSA also requires Protego to pay all costs and reasonable attorneys' fees incurred in the collection of any delinquent sum. MSA § II(e). CDI has spent $10,730.75 in connection with this matter. D.I. 8, Ex. H.

## II.    LEGAL STANDARD

Default judgments are "generally disfavored" in the Third Circuit. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir.2008). A district court's decision to enter default judgment is reviewed for abuse of discretion. *PPG Indus.*, 47 F.4th at 160 n.10. "Rule 55 of the Federal Rules of Civil Procedure sets out a two step process for entry of a default judgment . . . ." *Anderson v. Loc. 435 Union*, 791 F. App'x 328, 330 (3d Cir. 2019). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Next, the party seeking default may apply for default judgment either from the clerk, in certain cases—"[i]f the plaintiff's claim is for a sum certain" and the defendant has not appeared and "is neither a minor nor an incompetent person"—or from the Court, in "all other cases." Fed. R. Civ. P. 55(b).

Before entering a default judgment, the Court must decide whether "'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citation omitted); *see Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 932 (E.D. Pa. 2019) (same). *But see Anderson*, 791 F. App'x at 332 (permitting, but not requiring, a district court to raise *sua sponte* a complaint's deficiency in the default judgment context). If the complaint establishes a cause of action, the court then considers three factors to determine if default judgment is

appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 160 n.8 (3d Cir. 2022) (same); *United States v. Wunder*, 829 F. App'x 589, 590–91 (3d Cir. 2020) (same).

## III.   DISCUSSION

CDI asks the Court to grant default judgment in the amount of $396,187.75. The Court grants the request and adjusts for the interest due as of April 2024.

Since CDI properly obtained default from the Clerk of Court, D.I. 7, the Court must decide if CDI has a legitimate cause of action and then apply the *Chamberlain* factors. The elements of a breach of contract claim under Delaware law are: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) resulting damage to the plaintiff. *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). CDI has pled the existence of the MSA, D.I. 1 ¶ 7, a failure to pay the owed amount, D.I. 1 ¶ 12, and damages in the amount of the delinquency, *id.* Thus, CDI has established a cause of action for breach of contract under Delaware law.

The *Chamberlain* factors favor CDI. The MSA provides that Protego "shall pay the full amount reflected on any invoice," and that Protego "shall pay a late charge of one and one half percent (1.5%) per month . . . for all invoiced amounts not paid within thirty (30) days following the date printed on any invoice." MSA § II(e). The MSA also states that Protego "shall pay all such interest, as well as costs and reasonable attorney's fees incurred by CDI in the collection of any delinquent sums." *Id.* Under the facts alleged in the complaint, which the Court is obliged to accept as true, *PPG Indus.*, 47 F.4th at 161, CDI would suffer prejudice by being deprived of the

3

recovery of a significant sum of money. *See* D.I. ¶¶ 12-19. Meanwhile, Protego has no reason for its failure to abide by the parties' contract, nor any excuse for its failure to appear. *See id.*; D.I. 5 (service). Even if the Court were to assume that Protego's failure to respond in this action was not due to culpable conduct, the *Chamberlain* factors would still favor CDI. Thus, the Court grants default judgment as to the breach of contract claim.

"The Court takes the Complaint's well-pled facts as true, but damages must be proven by the Plaintiff." *J & J Sports Prod., Inc. v. M&I Hospitality of Del., Inc.*, 2018 U.S. Dist. LEXIS 196646, at *5 (D. Del. Nov. 19, 2018). CDI alleges three sources of damages: (1) invoices from software, with accompanying interest; (2) invoices from services rendered, with accompanying interest; and (3) attorneys' fees and expenses. The Court finds that CDI has proven damages from all three sources, and grants Default Judgment in the amount of $405,647.13.

On October 21, 2022, CDI issued a Software Invoice to Protego in the amount of $265,593.52 for products and serviced provided by CDI to Protego. D.I 8, Ex. 1 ¶ 8. The MSA permits CDI to collect interest at the rate of one and one half percent (1.5%) per month for all invoiced amounts not paid within thirty (30) days. MSA § II(e). Thus, interest from November 2022 until April 2024 totals $67,726.30 ($3,983.90*17 months). In total, Protego owes $333,319.82 for the software provided.

CDI issued four invoices to Protego for services rendered under a "Statement of Work." D.I. 8, Ex. D; D.I. 8, Ex. E. The MSA permits CDI to collect interest at the rate of one and one half percent (1.5%) per month for all invoiced amounts not paid within thirty (30) days. MSA § II(e). Thus, the amount owed to CDI under each of the services invoices is described in the table below:

4

| Invoice # | Invoice Date | Invoice Amount | Interest Due (Invoice amount*1.5%*months overdue) | Total Due |
|---|---|---|---|---|
| CDI0518291-IN | 10/31/2022 | $9,030.00 | $2,302.65 | $11,332.65 |
| CDI0519616-IN | 11/17/2022 | $28,433.75 | $6,824.16 | $35,257.91 |
| CDI0520952-IN | 12/14/2022 | $11,825.00 | $2,660.70 | $14,485.70 |
| CDI0522920-IN | 1/12/2023 | $430.00 | $90.30 | $520.30 |
| | | | | $61,596.56 |

Lastly, the MSA requires Protego to pay all costs and reasonable attorneys' fees incurred by CDI in the collection of any delinquent sums. MSA § II(e). Prior to the filing of this action, CDI sent two separate demand letters to Protego seeking payment of the invoices. D.I. 8, Ex. F; D.I. 8, Ex. G. To date, CDI has incurred attorneys' fees and expenses in the amount of $10,730.75. The Court finds that these fees and expenses are reasonable and proportionate to the matter. Thus, Protego owes $10,730.75 in fees, $333,319.82 for software, and $61,596.56 for services. In total, the Court awards Default Judgment in CDI's favor in the amount of $405,647.13. CDI is also entitled to post-judgment interest. *See* 28 U.S.C. § 1961.

Therefore, at Wilmington this 2nd day of April 2024, **IT IS HEREBY ORDERED** that CDI's Motion for Default Judgment is **GRANTED.**

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

5